# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CIVIX-DDI, LLC,

              Plaintiff,

    v.

EXPEDIA, INC., AND TRAVELSCAPE, INC.,

              Defendants.

Case No.: 03 C 3792

Judge Amy J. St. Eve
Magistrate Judge Arlander Keys

**FILED**

AUG 23 2005  WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## REDACTED REPLY MEMORANDUM IN SUPPORT OF EXPEDIA'S
## OMNIBUS MOTION FOR SUMMARY JUDGMENT

**FILED**
**AUGUST 23, 2005**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF REPLY ARGUMENT ..................................... 1

II.   CIVIX CONCEDES THAT JUDGMENT OF NON-INFRINGEMENT IS
      APPROPRIATE AS TO ALL CLAIMS BEYOND THE SEVENTEEN
      CURRENTLY ASSERTED AND THAT CIVIX SHOULD BE BARRED FROM
      ASSERTING THOSE CLAIMS IN THE FUTURE ........................................................... 1

III.  CIVIX FAILS TO RAISE ANY GENUINE DISPUTE PRECLUDING
      JUDGMENT THAT EXPEDIA HAS NOT INFRINGED ANY OF THE NOW-
      ASSERTED CLAIMS ....................................................................................................... 2

      A.   CIVIX Fails To Raise Any Genuine Dispute Precluding Judgment That
           The Asserted Claims Of The CIVIX Patents Are Not Infringed ............................ 2

           1.   CIVIX Offers No Evidence That Expedia Infringes Claims 6 Or 26
                Of The 622 Patent ...................................................................................... 2

           2.   CIVIX Offers No Evidence That Expedia Infringes Claims 47 Or
                56 Of The 622 Patent .................................................................................. 6

           3.   CIVIX Offers No Evidence That Expedia Infringes Claims 1, 6, Or
                22 Of The 307 Patent .................................................................................. 6

           4.   CIVIX Offers No Evidence That Expedia Infringes Claims 1, 5, Or
                7 Of The 291 Patent .................................................................................... 8

           5.   CIVIX Offers No Evidence That Expedia Infringes Claims 14, 21,
                Or 23 Of The 291 Patent .............................................................................. 9

      B.   CIVIX Fails To Raise Any Genuine Dispute Precluding Judgment That
           The Asserted Claims Of The Go2 Patent Are Not Infringed ................................ 10

           1.   CIVIX Cannot Show Infringement Even If Gehani's New Opinion
                Is Received ................................................................................................. 10

           2.   CIVIX Offers No Evidence That Could Support A Conclusion
                That Expedia's Hotel And Car Wizards Transmit PLA Locations
                To Users ..................................................................................................... 12

           3.   If CIVIX Were Able To Show That The Asserted Go2 Claims Are
                Infringed, Those Claims Would Be Invalid ............................................... 13

IV.   CIVIX FAILS TO RAISE ANY GENUINE DISPUTE PRECLUDING
      JUDGMENT THAT THE ASSERTED CLAIMS OF THE CIVIX PATENTS
      ARE INVALID ................................................................................................................ 14

i

A.     Expedia Has Shown That CompuServe/EAAsy Sabre and Sabre Qualify As Statutory Prior Art ........................................................................................ 14

B.     Expedia Has Shown That CompuServe/EAAsy Sabre Anticipates All But Two Asserted Claims Of The CIVIX Patents And That Sabre Anticipates Claims 1, 6, And 22 Of The 307 Patent .................................................................. 16

       1.     CIVIX has failed to raise a genuine factual issue precluding judgment that claims 6, 47, and 56 of the 622 patent are anticipated by CompuServe/EAAsy Sabre. .................................................. 18

       2.     CIVIX has failed to raise a genuine issue precluding judgment that claims 1, 6, and 22 of the 307 patent are anticipated by both CompuServe/EAAsy Sabre and Sabre. ........................................................ 21

       3.     CIVIV has failed to raise any genuine issue precluding judgment that claims 1, 5, 7, 14, and 21 of the 291 patent are anticipated by CompuServe/EAAsy Sabre. ....................................................................... 23

C.     Expedia Has Shown That CompuServe/EAAsy Sabre Combined With SabreVision Renders Claims 26 Of The 622 Patent And 23 Of The 291 Patent Invalid For Obviousness ............................................................................ 24

V.     CIVIX FAILS TO RAISE ANY GENUINE DISPUTE ABOUT THE FACTS ESTABLISHING THAT IT IS BARRED FROM PRE-FILING DAMAGES AS TO THE CIVIX PATENTS ............................................................................................ 25

A.     CIVIX's "Notice Of The Patented Technology" Contention Is Legally Erroneous — Expedia Had No Pre-Filing Notice Of The Actual Patents ............. 25

B.     CIVIX Fails To Raise Any Genuine Dispute As To The Fact That Its Failure To Allege That Expedia Directly Infringes The 307 Patent Precludes Pre-Filing Damages Under That Patent. .............................................. 26

C.     CIVIX Concedes That There Was No Marking As To The 622 And 291 Patents, So Summary Judgment Barring Pre-Filing Damages As To Those Two Patents Is Appropriate ............................................................................. 27

VI.     CIVIX FAILS TO RAISE ANY GENUINE DISPUTE ABOUT THE FACTS ESTABLISHING THAT EXPEDIA DID NOT WILLFULLY INFRINGE ANY PATENT IN SUIT ...................................................................................................... 27

VII.     CIVIX FAILS TO RAISE ANY GENUINE DISPUTE THAT THE EARLIEST POSSIBLE, PROVABLE DATE OF INVENTION FOR ANY ASSERTED INTERNET CLAIM IS SEPTEMBER 27, 1994 ................................................................ 28

VIII.     CONCLUSION ...................................................................................................... 30

## ADDENDUM TO TABLE OF CONTENTS

| | Not infringed | Brief page | Invalid | Prior Art | Brief page |
|---|---|---|---|---|---|
| **622 patent** | | | | | |
| 6 | X | 2-5 | § 102 | CompuServe/EAAsy Sabre | 14-16, 18-21 |
| 26 | X | 2-5 | § 103 | CompuServe/EAAsy Sabre in view of SabreVision | 14-16, 25 |
| 47 | X | 6 | § 102 | CompuServe/EAAsy Sabre | 14-16, 18-21 |
| 56 | X | 6 | § 102 | CompuServe/EAAsy Sabre | 14-16, 18-21 |
| **307 patent** | | | | | |
| 1 | X | 6-8 | § 102 | CompuServe/EAAsy Sabre & Sabre | 14-16, 17-18, 21-23 |
| 6 | X | 6-8 | § 102 | CompuServe/EAAsy Sabre & Sabre | 14-16, 17-18, 21-23 |
| 22 | X | 6-8 | § 102 | CompuServe/EAAsy Sabre & Sabre | 14-16, 17-18, 21-23 |
| **291 patent** | | | | | |
| 1 | X | 8-9 | § 102 | CompuServe/EAAsy Sabre | 14-16, 23-25 |
| 5 | X | 8-9 | § 102 | CompuServe/EAAsy Sabre | 14-16, 23-25 |
| 7 | X | 8-9 | § 102 | CompuServe/EAAsy Sabre | 14-16, 23-25 |
| 14 | X | 9-10 | § 102 | CompuServe/EAAsy Sabre | 14-16, 23-25 |
| 21 | X | 9-10 | § 102 | CompuServe/EAAsy Sabre | 14-16, 23-25 |
| 23 | X | 9-10 | § 103 | CompuServe/EAAsy Sabre in view of SabreVision | 14-16, 25 |
| **Go2 patent** | | | | | |
| 27 | X | 10-13 | § 102 | 622 patent | 13-14 |
| 28 | X | 10-13 | § 102 | 622 patent | 13-14 |
| 41 | X | 10-13 | § 102 | 622 patent | 13-14 |
| 42 | X | 10-13 | § 102 | 622 patent | 13-14 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alper v. Altheimer & Gray,*
   No. 97-1200, 2002 U.S. Dist. LEXIS 18191 (N.D. Ill. Sept. 26, 2002) ...................2, 4

*America Bankcard International, Inc. v. Schlumberger Technologies, Inc.,*
   No. 99-6434, 2002 U.S. Dist. LEXIS 908 (N.D. Ill. Jan. 17, 2002) ...........................18

*Amadio v. Ford Motor Co.,*
   238 F.3d 919 (7th Cir. 2001) ........................................................................................13

*Anoto AB v. Sekendur,*
   No. 03-4723, 2004 U.S. Dist. LEXIS 21715 (N.D. Ill. Oct. 22, 2004) .......................18

*Brown v. 3M,*
   265 F.3d 1349 (Fed. Cir. 2001)....................................................................................21

*Canton Bio-Medical, Inc. v. Integrated Liner Techs., Inc.,*
   216 F.3d 1367 (Fed. Cir. 2000)......................................................................................6

*Capital Records, Inc. v. Progress Record Distributing, Inc.,*
   106 F.R.D. 25 (N.D. Ill. 1985)....................................................................................17

*Cordis Corp. v. Medtronic AVE, Inc.,*
   194 F. Supp. 2d 323 (D. Del. 2002)..........................................................................4, 8

*Crystal Semiconductor Corp. v. Tritech Microelectronics International, Inc.,*
   246 F.3d 1336 (Fed. Cir. 2001)....................................................................................28

*Darnell v. Target Stores,*
   16 F.3d 174 (7th Cir. 1994) .........................................................................................13

*Dugan v. Smerwick Sewerage Co.,*
   142 F.3d 398 (7th Cir. 1998) .......................................................................................16

*Eaton Corp. v. Rockwell International Corp.,*
   323 F.3d 1332 (Fed. Cir 2003)......................................................................................9

*Eolas Techs., Inc. v. Microsoft Corp.,*
   No. 99-0626, 2003 U.S. Dist. LEXIS 6322 (N.D. Ill. Apr. 16, 2003).........................28

*Faroudja Laboratories, Inc. v. Dwin Elects., Inc.,*
   No. 97-20010, 1999 U.S. Dist. LEXIS 22987 (N.D. Cal. Feb. 24, 1999) .............4, 5, 7

*Griffin v. Bertina,*
    285 F.3d 1029 (Fed. Cir. 2002)...................................................................................9

*Gustafson, Inc. v. Intersystems Industrial Products, Inc.,*
    897 F.2d 508 (Fed. Cir. 1990)...............................................................................28, 29

*Johnston v. IVAC Corp.,*
    885 F.2d 1574 (Fed. Cir. 1989)..................................................................................4

*Konstant Products, Inc. v. Frazier Industrial Co., Inc.,*
    25 U.S.P.Q. 2d 1223 (N.D. Ill. 1992) ........................................................................26

*Lockwood v. America Airlines, Inc.,*
    107 F.3d 1565 (Fed. Cir. 1997)................................................................................15

*Macaulay v. Anas,*
    321 F.3d 45 (1st Cir. 2003)........................................................................................4

*Magnum Feeders, Inc. v. Bloedorn,*
    No. 95-2012, 1998 U.S. Dist. LEXIS 11601 (N.D. Ill. July 21, 1998).......................18

*Mahurkar v. C.R. Bard, Inc.,*
    No. 01-8452, 2003 U.S. Dist. LEXIS 2329 (N.D. Ill. Feb. 13, 2003) ...........................3

*Met-Coil System, Corp. v. Korners Unlimited Inc.,*
    803 F.2d 684 (Fed. Cir. 1986)....................................................................................5

*Mobil Oil Corp. v. Filtrol Corp.,*
    501 F.2d 282 (9th Cir. 1974) .....................................................................................4

*Muhammed v. City of Chicago,*
    316 F.3d 680 (7th Cir. 2002) ...................................................................................16

*Piscione v. Ernst & Young, L.L.P.,*
    171 F.3d 527 (7th Cir. 1999) ...................................................................................13

*Roche Products, Inc. v. Bolar Pharm. Co.,*
    733 F.2d 858 (Fed. Cir. 1984)....................................................................................3

*Salgado v. General Motors Corp.,*
    150 F.3d 735 (7th Cir. 1998) .........................................................................2, 4, 6, 10

*Schering Corp. v. Geneva Pharm., Inc.,*
    339 F.3d 1373 (Fed. Cir. 2003)............................................................................14, 22

*Solaia Tech. L.L.C. v. AvinMeritor, Inc.*,
   361 F. Supp. 2d 797 (N.D. Ill. 2005) ...............................................................2, 4, 6, 11

*State Industrial, Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985)...............................................................................26, 28

*Techsearch L.L.C. v. Intel Corp*,
   286 F.3d 1360 (Fed. Cir. 2002).............................................................................3, 18, 19

*Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*,
   109 F.3d 739 (Fed. Cir. 1997).............................................................................2, 4, 6, 10

*W.L. Gore & Associate Inc. v. Garlock, Inc.*,
   842 F.2d 1275 (Fed. Cir. 1988)......................................................................................20

## FEDERAL STATUTES

35 U.S.C. § 102(a) .........................................................................................................15

35 U.S.C.§ 103 ..............................................................................................................25

35 U.S.C. § 271(a) ....................................................................................................3, 6, 9

35 U.S.C. § 287(a) ..................................................................................................26, 27

Fed. R. Civ. P. 56(d) .....................................................................................................18

## OTHER

*MuniAuction, Inc. v. Thompson Corp.*, Civ. No. 01-1003 ..................................................4

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| 291 patent | U.S. Patent No. 6,415,291 |
| 307 patent | U.S. Patent No. 6,408,307 |
| 425 application | U.S. Patent Application No. 08/371,425, filed January 11, 1995 |
| 525 patent | U.S. Patent No. 5,682,525 |
| 622 patent | U.S. Patent No. 6,385,622 |
| 692 patent | U.S. Patent No. 6,473,692 |
| 744 patent | U.S. Patent No. 6,339,744 |
| Accused websites | Collectively, the Expedia website (www.expedia.com), the Travelscape website (www.travelscape.com) and the related WWTE sites |
| Asserted claims | Collectively, claims 6, 26, 47, and 56 of the 622 patent; claims 1, 6, and 22 of the 307 patent; claims 1, 5, 7, 14, 21, and 23 of the 291 patent; and claims 27, 28, 41, and 42 of the Go2 692 patent |
| Behr 789 patent | U.S. Patent No. 5,543,789 |
| Chart Of Agreed Terms | Document entitled "Jointly Submitted Chart Of Agreed Claim Terms Remaining In Dispute" submitted March 1, 2005 |
| CIVIX | Plaintiff CIVIX-DDI, LLC |
| CIVIX Opp. | CIVIX-DDI's Response In Opposition To Defendants' Motion For Summary Judgment, filed August 1, 2005 |
| CIVIX Ex. | Exhibit to the Declaration Of David J. Mahalek In Support Of CIVIX-DDI's Response In Opposition To Defendants' Motion For Summary Judgment, filed August 1, 2005 |
| CIVIX patents | U.S. Patent Nos. 6,385,622, 6,408,307, and 6,415,291 collectively |
| Docket No. | Citation to docket number of Court's pleadings in this action |
| Ex. | Exhibit to the Declaration of Louis Fogel in Support of Expedia's Omnibus Motion For Summary Judgment |
| Expedia | Defendants Expedia, Inc. and Travelscape, Inc. collectively |

Expedia Br. Memorandum in Support Of Expedia's Omnibus Motion For Summary Judgment, filed July 11, 2005

Expedia Motion To Strike Expedia's Motion To Strike Declarations of Clifford H. Kraft, Lee Hancock, John E. Rehfeld, Elisabeth F. Neer, and Narain Gehani, filed August 4, 2005

Go2 patents U.S. Patent Nos. 6,339,744 and 6,473,692 collectively

ISP Internet service provider

Non-Asserted Claims Collectively claims 1-5, 7-25, 27-46, 48-55, and 57-63 of the 622 patent, claims 2-5, 7-21, and 24-30 of the 307 patent, claims 2-4, 6, 8-13, 15-20, and 22 of the 291 patent, all claims of the 744 patent, and claims 1-26, 29-40, and 43-54 of the 692 patent

Patents in suit U.S. Patent Nos. 6,385,622, 6,408,307, 6,415,291, 6,339,744, and 6,473,692 collectively

PCL Citation to a now-stricken Proposed Conclusion Of Law from the Proposed Conclusions Of Law In Support Of Expedia's Omnibus Motion For Summary Judgment, filed July 11, 2005

PTO United States Patent & Trademark Office

PUF Citation to a Proposed Finding Of Fact from the Statement Of Undisputed Facts In Support Of Expedia's Omnibus Motion For Summary Judgment, filed July 11, 2005

Reply Ex. Exhibit to the Declaration of Louis Fogel in Support of Reply Memorandum In Support Of Expedia's Omnibus Motion For Summary Judgment, filed herewith

Reply to PUF Citation to Expedia's Reply To CIVIX's Response To Expedia's Proposed Undisputed Facts

Response to SAF ¶ Citation to numbered paragraph of Expedia's Response To CIVIX's Statement Of Additional Material Facts Relating To Expedia's Omnibus Motion For Summary Judgment

Response To PUF Citation to CIVIX's Local Rule 56.1(b)(3) Response To Expedia's Statement Of Allegedly Undisputed "Facts", filed August 1, 2005

SAF ¶ Citation to numbered paragraph of CIVIX's Statement Of Additional Material Facts Showing Summary Judgment Is Not Warranted, filed August 1, 2005

# I. INTRODUCTION AND SUMMARY OF REPLY ARGUMENT

CIVIX's recipe for patent litigation can concoct a toxic brew. Start with five patents and 180 claims. Repeatedly shift position as to which claims are in dispute. Eventually assert only 17 claims but attempt to resurrect the remainder in a separate lawsuit. When the opponent reacts to shifting positions, accuse it of "hiding the ball" by falsely claiming that defenses were not timely raised. When claim construction issues relating to the remaining 17 claims are decided adversely in the Markman process, offer an expert report that ignores the Court's adverse claim constructions. But then, after the expert concedes that his opinions ignored the claim construction, respond to a motion for summary judgment of non-infringement and invalidity with a brand new declaration from the same expert contradicting his prior deposition testimony. For good measure, offer a host of new and unsupported infringement theories never disclosed in discovery, submit a declaration from a new and previously undisclosed "expert" to support those theories, argue not only that the claims are infringed while ignoring the Court's claim construction, but also that the claims are valid because the prior art supposedly fails to disclose features nowhere found in the claims. And, just to spice things up, throw in declarations from fact witnesses never disclosed during fact discovery. Finish by putting all the positions into written submissions so voluminous that it will be nearly impossible to separate fact from fiction.

Although CIVIX has peppered the record with a barrage of supposed "evidence" to block summary judgment, it is either legally irrelevant, inadmissible, or unsupported by the record. CIVIX's opposition to Expedia's motion is without merit and the motion should be granted.

# II. CIVIX CONCEDES THAT JUDGMENT OF NON-INFRINGEMENT IS APPROPRIATE AS TO ALL CLAIMS BEYOND THE SEVENTEEN CURRENTLY ASSERTED AND THAT CIVIX SHOULD BE BARRED FROM ASSERTING THOSE CLAIMS IN THE FUTURE

Because CIVIX's Opposition fails to address the issue at all, Expedia is entitled to judgment of non-infringement as to all but the seventeen currently-asserted claims of the 622, 307, 291, and 692 patents and as to all claims of the 744 patent because CIVIX has failed to present any proofs or expert testimony as to infringement (*see* Expedia Br. at 4; PUF's 3-4).[1] In

---

[1]    In its Response to PUF 4, CIVIX vaguely argues that some of its evidence concerning one of the seventeen asserted claims could also be used in showing infringement by a single other, unasserted claim. Whether true or not, CIVIX fails to offer a specific *prima facie* case as to that single claim, much less to any of the 180 other unasserted claims in the five patents.

1

addition, the judgment should forever bar CIVIX from asserting any of the non-asserted claims at a later time not only because it failed to assert the claims here in response to Expedia's declaratory judgment counterclaim, but also under the doctrine precluding claim splitting (*see* Expedia Br. at 4-5).

## III. CIVIX FAILS TO RAISE ANY GENUINE DISPUTE PRECLUDING JUDGMENT THAT EXPEDIA HAS NOT INFRINGED ANY OF THE NOW-ASSERTED CLAIMS

CIVIX is desperate. It now asserts new infringement theories that its own experts failed to assert. It cites case law that has no relevance to the issues at hand and relies on illegitimate declarations from previously undisclosed witnesses. But when the new theories are analyzed, the case law properly applied, and the illegitimate declarations seen for what they are, CIVIX has failed to satisfy its burden to show infringement.

### A. CIVIX Fails To Raise Any Genuine Dispute Precluding Judgment That The Asserted Claims Of The CIVIX Patents Are Not Infringed

#### 1. CIVIX Offers No Evidence That Expedia Infringes Claims 6 Or 26 Of The 622 Patent

CIVIX continues to press its original infringement theory regarding claims 6 and 26 but persists in ignoring the plain claim language that defeats its infringement claim. CIVIX also now advances entirely new infringement theories that were never disclosed in discovery and that should not be considered now. But, if considered, the new theories create no factual issues that could preclude summary judgment. *Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 744-45 (Fed. Cir. 1997) (affirming district court decision "striking an expert's report and related affidavits that were submitted after the due date for such reports"); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741-43 (7th Cir. 1998) ("[W]e . . . believe that the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying" because the reports were submitted late and were not in compliance with Rule 26); *Solaia Tech. L.L.C. v. AvinMeritor, Inc.*, 361 F. Supp. 2d 797, 806-07 (N.D. Ill. 2005) (striking portions of declaration because the "Court determined that the statement[s] [were] new [and] contradictory" of prior reports and depositions); *Alper v. Altheimer & Gray*, No. 97-1200, 2002 U.S. Dist. LEXIS 18191, at *136 (N.D. Ill. Sept. 26, 2002) (striking new damages theory).

2

### a) There is no evidence of infringement under CIVIX's original theory

CIVIX's expert, Gehani, asserted that ███████████ directly infringed claims 6 and 26. ███████████████████████████████████. But there is no evidence upon which a reasonable jury could conclude that *Expedia*, by providing its website, directly infringes claims 6 and 26. CIVIX continues to assert that Expedia directly infringes because it supposedly "uses" third parties' "ports" or personal computers, but that assertion conflicts with CIVIX's admission that third-party users (and not Expedia) use the "ports" (CIVIX Opp. at 10 ([t]hird party users of [Expedia's website] use the 'remote access port' to 'generate a request signal'").

Further, to the extent that it could be said that Expedia "uses" third party computers in some metaphysical sense, that is not a use prohibited by a statute, i.e., a "use" of the "patented invention." 35 U.S.C. § 271(a).[2] The invention is defined by the claims and here the claims are not infringed by *any* use of a "port," but only by those uses specified in the claims themselves, *i.e.,* a use to "access . . . information" stored in the database. Expedia does not use third-party computers to access information in its own database.

Similarly, claims 6 and 26 are not infringed by *any* use of the claimed "communications link" but only the specified use of *"communicating between a user of the system* [defined by the Court as a 'human being'] and the database." Expedia does not use communication links to communicate "between" third party users and its own database. Thus, there is no evidence that Expedia uses a system including a "port" or "communication link" as claimed. CIVIX's failure to come to grips with the plain claim language is fatal to its position. *Techsearch L.L.C. v. Intel Corp,* 286 F.3d 1360, 1373 (Fed. Cir. 2002) ("specific claim limitations cannot be ignored as insignificant or immaterial in determining infringement").

---

[2]   CIVIX claims that "use" under the statute should be defined broadly (CIVIX Opp. at 4, 7). But none of CIVIX cases hold that a statutory "use" may be satisfied by activity divorced from the actual claim language, *i.e.,* a "use" of something other than the "patented invention." Furthermore, none of CIVIX's cases are factually similar to the present case. In *Roche Prods., Inc. v. Bolar Pharm. Co.,* for example, the issue was whether or not "use" encompassed limited experimental testing in connection with drug development. 733 F.2d 858 (Fed. Cir. 1984). CIVIX is not alleging that Expedia "uses" the system by "testing" it. In *Mahurkar v. C.R. Bard, Inc.,* the issue was whether testing and distributing a claimed product was an infringing "use." No. 01-8452, 2003 U.S. Dist. LEXIS 2329 (N.D. Ill. Feb. 13, 2003). CIVIX does not allege that Expedia "uses" the claimed systems by "distributing" or "testing" them.

**b) There is no evidence of infringement under CIXIX's three new infringement theories**

Recognizing that its original infringement theory is doomed, CIVIX now advances three entirely new infringement theories with respect to claims 6 and 26, none of which were timely revealed in its pleadings or expert reports. Because the three new theories were never disclosed, CIVIX should not be allowed to rely upon them now. *Trilogy,* 109 F.3d at 744-45; *Salgado,* 150 F.3d at 741-43; *Solaia,* 361 F. Supp. 2d at 806-07; *Alper,* 2002 U.S. Dist. LEXIS 18191, at *136; *see also Macaulay v. Anas,* 321 F.3d 45, 52 (1st Cir. 2003) ("A careful review of the record shows that, although the 'unnecessary surgery' theory arguably was covered by boilerplate language in the original complaint, the appellant did not actively pursue it at any time thereafter. . . . The fact that the complaint peripherally addressed several other possible theories of negligence did not excuse the appellant's breach of her obligation to disclose anticipated expert testimony in a timely fashion. It is one thing to tick off a laundry list of potential theories at the start of litigation. It is quite another to develop the theories that actually will be prosecuted and keep them in play"). But, even if CIVIX had timely advanced its new theories, summary judgment of non-infringement would still be appropriate.

CIVIX'S first new theory is that Expedia and third parties, *acting jointly,* directly infringe claims 6 and 26 (CIVIX Opp. at 7). That joint liability theory fails as a matter of law because it violates the controlling "all-elements" rule.[3] Further, even if the non-binding district court cases upon which CIVIX relies state what may later become a recognized exception to the all-elements rule, the cases, on their face, apply only to *method* claims and not to *system* claims such as claims 6 and 26.[4] No case has ever applied CIVIX's joint infringement theory to system

---

[3]     It is well-settled that, to prove direct infringement, the patentee must establish that all claim elements are satisfied by the alleged infringer. *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577-78 n.3 (Fed. Cir. 1989) ("To establish infringement of a patent, every limitation set forth in a claim must be found in an accused product . . . exactly;" "[s]ometimes referred to as the All Elements Rule").

[4]     *See Faroudja Labs., Inc. v. Dwin Elects., Inc.*, No. 97-20010, 1999 U.S. Dist. LEXIS 22987, at *15 (N.D. Cal. Feb. 24, 1999) ("Faroudja contends that third parties who perform only certain *steps* of a patent . . . can be found to be direct infringers") (emphasis added); *Cordis Corp. v. Medtronic AVE, Inc.*, 194 F. Supp. 2d 323, 349 (D. Del. 2002) ("[t]o constitute a predicate act of direct infringement of a *process* claim . . . .") (emphasis added); *MuniAuction, Inc. v. Thompson Corp.*, Civ. No. 01-1003, Report and Recommendation, Judge Mitchell (W.D. Pa. September 22, 2004) ("defendants insist they do not perform all of the *steps* of the claims").

4

claims. In fact, *Faroudja* suggests that a joint liability theory applies, if anywhere, only to method and not system claims. *See* 1999 U.S. Dist. LEXIS 22987, at *12. In *Faroudja*, both method and system claims were alleged to be infringed. *Id.* at *9-11. The system claims comprised functional limitations that paralleled the steps of the method claims. *Id.* at *11-12. The court considered whether or not a *method* claim could be infringed by independent entities who performed successive steps of the claimed method (eventually finding that it could not), but there was no debate that the *system* claims, which contained nearly identical functional language, were not infringed. *Id.* at *12.

CIVIX's second new infringement theory is that *third parties*, and not Expedia, directly infringe claims 6 and 26 and that Expedia indirectly infringes the claims by inducing them to so. But CIVIX's second new theory also fails as a matter of law. There can be no indirect infringement without proof of direct infringement, and here there is no evidence upon which a reasonable jury could conclude that third parties directly infringe claims 6 and 26. *Met-Coil Sys., Corp. v. Korners Unlimited Inc.*, 803 F.2d 684, 687 (Fed. Cir. 1986) ("Absent direct infringement of the patent claims, there can be neither contributory infringement nor inducement of infringement") (internal citations omitted). Third parties do not "use" Expedia's "database for storing information about a plurality of items of interest." Indeed, CIVIX *admits* that Expedia, not third parties, "provides the 'remote database'" (CIVIX Opp. at 9

CIVIX has provided no evidence upon which a reasonable jury could find that third parties use "a database for storing information."[5]

---

But claims 6 and 26, are *system* claims and not method claims. CIVIX's cases, even if they were binding precedent, and they are not, do not apply to system claims.

[5]    In a last-minute attempt to hedge its bets, CIVIX now "independently" advances its third new infringement theory (CIVIX Opp. at 8). CIVIX belatedly claims that Expedia's telesales agents directly infringe claims 6 and 26. The agents answer phone inquiries from customers who have not visited Expedia's website but nevertheless wish to book hotels by phone.    But Expedia's agents are entirely separate and distinct from third-party users who are the subject of

### 2. CIVIX Offers No Evidence That Expedia Infringes Claims 47 Or 56 Of The 622 Patent

#### a) There is no evidence of infringement under CIVIX's original theory Expedia directly infringes

CIVIX's expert admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But CIVIX cannot prove, for reasons stated above, that by providing its website, Expedia has made, used, offered or sold "a remote access port" as required by the claims. 35 U.S.C. § 271(a). Thus, there is no evidence upon which a jury could conclude that Expedia has directly infringed claims 47 and 56 under the only infringement theory properly of record.

#### b) There is no evidence Expedia indirectly infringes

With its original theory in tatters, however, CIVIX now asserts a fourth new infringement theory claiming that *third parties* directly infringe claims 47 and 46 and that *Expedia* supposedly indirectly infringes by inducing them to do so. CIVIX's fourth new theory, like the new theories advanced with regard to the 622 patent, was also not disclosed during expert discovery and should be stricken. *Trilogy*, 109 F.3d at 744-45; *Salgado*, 150 F.3d at 742; *Solaia*, 361 F. Supp. 2d at 806-07. Even if the fourth new theory were timely, there would still be no indirect infringement by Expedia without proof of direct infringement of claims 47 and 56 by third party users. CIVIX, however, cannot prove that third parties directly infringe because there is no proof that they have used, or can "use," Expedia's internal databases as required by the claims.

### 3. CIVIX Offers No Evidence That Expedia Infringes Claims 1, 6, Or 22 Of The 307 Patent

CIVIX's original infringement theory was that third party users directly infringed claims 1, 6, and 22 of the 307 patent. But there is no proof that any third party users "communicate to [Expedia's] database" as required by the claims. Consequently, summary judgment should be granted because CIVIX cannot show direct literal infringement of these claims under the all-elements rule. *Canton Bio-Med., Inc. v. Integrated Liner Techs., Inc.*, 216 F.3d 1367, 1370 (Fed. Cir. 2000) ("Infringement of *process* inventions is subject to the 'all-elements rule' whereby each of the claimed steps of a patented process must be performed . . . .") (emphasis added).

---

CIVIX's pleadings and the entirety of its damage claim. In any event, hotel and car rental bookings through telesales agents represent an insignificant fraction of Expedia's total revenue and have *never* been what this case has been about.

CIVIX, however, now offers a fifth new infringement theory claiming that the "communicating . . . *to a database*" limitation in claims 1, 6, and 22 may be satisfied by third parties who merely transmit a request to Expedia's *web server* rather than to its database. Essentially, CIVIX suggests that communicating to a web server is the same as communicating to a database. But that suggestion is nothing more than a disguised claim of infringement under the doctrine of equivalents. And Gehani not only failed to offer any infringement opinion under the doctrine of equivalents, but CIVIX also conceded that it is not pursuing an equivalence theory here.

CIVIX also offers a sixth new infringement theory that Expedia and third parties jointly infringe claims 1, 6, and 22 (CIVIX Opp. at 10). That theory was also never revealed during discovery and should not be considered. Even if this sixth new infringement theory were allowed, it too would fail as a matter of law. CIVIX cites *Faroudja* and other non-binding district court cases for the proposition that method claims may be infringed by independent entities who each perform some (but not all) steps of a claimed method provided there is a sufficient "connection" between them. The cases, however, provide no guidance as to when a connection between otherwise independent parties may be sufficient to trigger joint liability. In *Faroudja*, the court found that there was no joint infringement because there as an insufficient "connection" between the entities. 1999 U.S. Dist. LEXIS 22987, at *22-23. Similarly, there is insufficient connection here. There is no evidence, for example, that Expedia contracts with third parties to perform certain steps of the claimed methods. Nor is there evidence that third parties are Expedia's agents or otherwise acting on behalf of Expedia. Indeed, Expedia generally does not know, and has no way of even knowing, the identity of third parties who transmit requests to its website. Anyone with web access can transmit a request to Expedia's website. Surely, Expedia does not have a "connection" to every unknown person with a web browser simply because she may visit its website. To find otherwise, would mean that store owners would have a "connection" with all visitors to their stores, regardless of whether they purchased anything. Thus, there is not even a remote "connection" between Expedia and third party visitors to its website, and certainly none that would support a finding of direct infringement.

The remaining cases cited by CIVIX in which "connections" were found to be sufficient are easily distinguished. In *Cordis Corp. v. Medtronic Ave, Inc.*, 194 F. Supp. 2d at 349, the patentee alleged that a medical device manufacturer was jointly liable with its customer

7

physicians who together carried out claimed method steps. But in that case, there was direct interaction between the manufacturer's sales force and the physicians because the sales force provided device samples to the doctors, trained them in using the device, and recruited them to be involved with clinical trials. *Id.* at 350. Here, unlike *Cordis*, there is no evidence of interaction between Expedia personnel and third-parties who transmit requests to the website.

In *MuniAuction, Inc. v. Thompson Corp.*, the patentee alleged that a bond-auction website host was jointly liable with bond issuers and bond bidders who used the site. But in that case, unlike the present case, bond issuers and bidders needed to register to visit the site. Further, the district court denied summary judgment of non-infringement because there were factual questions as to whether there was a "strong connection" between the website host, the bond issuers, and the bond bidders. Here, unlike *MuniAuction*, any third party with a web browser can visit Expedia's website and there is *no* evidence of any connection between Expedia and third party visitors other than the conclusory and incompetent Kraft declaration that is the subject of Expedia's pending motion to strike because it is untimely and offers new facts and theories.

Therefore, even if the Court were to improperly disregard the "all-elements rule" of the Federal Circuit and follow the *Faroudja* line of cases adopted by a few district courts, CIVIX has failed to provide any competent evidence upon which a reasonable jury could conclude that there is a "connection" between Expedia and third party users to support a finding of joint infringement. Accordingly, Expedia is entitled to summary judgment of non-infringement.[6]

### 4. CIVIX Offers No Evidence That Expedia Infringes Claims 1, 5, Or 7 Of The 291 Patent

For reasons mentioned above as to the 622 patent, CIVIX cannot prove that *Expedia* directly infringed claims 1, 5, or 7 of the 291 patent by making, using, selling, or offering a system having "a plurality of ports for accessing the database." 35 U.S.C. § 271(a). Moreover, CIVIX does not allege, and has offered no proof, that *third-party users* have directly infringed the claims either. Summary judgment of non-infringement as to those claims is appropriate.

---

[6] Kraft is a captive expert of its CIVIX'S law firm who claims that he established a "connection" between himself and Expedia merely by visiting the website. But Kraft's identity was never revealed during either fact or expert discovery and he submitted no expert report. His declaration is, thus, untimely and should be stricken. Even if received, Kraft has no special competence to determine whether Expedia's supposed "connection" with anonymous website visitors is sufficient to trigger joint liability under a line of non-binding district court cases.

### 5. CIVIX Offers No Evidence That Expedia Infringes Claims 14, 21, Or 23 Of The 291 Patent

CIVIX's expert initially alleged, as his only theory, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But there is no evidence that Expedia ever carried out the step of "determining" the position of one or more items of interest (found in the claim preamble), or the step of "locating" an item of interest at a port (found in a "wherein" clause).

CIVIX argues that the preamble and "wherein" clause may be ignored because they are not claim limitations. But neither the preamble nor the wherein clause may be ignored. The preamble is limiting because it provides antecedent basis and gives life and meaning to the recited method steps in the body of the claim. *Griffin v. Bertina*, 285 F.3d 1029, 1033 (Fed. Cir. 2002) ("consideration of the preamble gives meaning and purpose to the manipulative steps"); *Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1339-40 (Fed. Cir 2003). For example, the first clause in the body of the claim requires "storing information about *the items* of interest in a database, the information including, *for each of the items* of interest, at least one *associated category* and spatial detail defining *geographic position.*" In the absence of the preamble's recitation of "determining the position *of one or more items of interest* in a selected category," the terms "associated category" and "geographic position" would become empty language. Without the preamble, the body of the claim would be meaningless. *See id.* at 1340-42.

Similarly, the "wherein" clause cannot be ignored because it too gives life and meaning to the claim. CIVIX's cases dealing with "where*by*" clauses are fact specific, and more importantly, not relevant to "where*in*" clauses such as recited in claim 14. *Griffin*, 285 F.3d at 1034 ("aside from the fact that 'wherein' is an adverb and 'whereby' is a conjunction, those cases are all fact-specific, and what is clear here is that the 'wherein' clauses are a necessary part" of the claim). Furthermore, contrary to CIVIX's characterizations, the step of "locat[ing] the one of item of interest" is not an inherent result of the other recited steps, but rather provides a purpose to the other recited steps. *Id.* ("the allegedly inherent properties of the 'wherein' clauses provide the necessary purpose to the steps"). It does not automatically follow from the steps of "storing information" and "supplying information" that one will locate the one item of interest. Indeed, "storing information" and "supplying information," by themselves, provide no indication of why either step is being taken. There are innumerable reasons to perform these steps that have nothing whatever to do with the purpose of this particular claim. Without the

9

"wherein" clause (and the preamble as discussed above), there would be no indication in the claim of the purpose of the recited steps or the alleged invention.[7]

Having failed on its original theory, CIVIX now advances a seventh new infringement theory, asserting that Expedia *together* with third parties jointly infringe claims 14, 21, and 29. But CIVIX has provided no evidence, other than the untimely and incompetent Kraft declaration, upon which a reasonable jury could conclude that there is a "connection" between Expedia and third parties that could support a finding of direct infringement under this theory.

## B. CIVIX Fails To Raise Any Genuine Dispute Precluding Judgment That The Asserted Claims Of The Go2 Patent Are Not Infringed

CIVIX desperately attempts to evade an adverse judgment as to the Go2 patent by creating a mirage of fact issues where none exist. Having the burden of proof on infringement, CIVIX submitted an original expert report from Gehani who admitted that his report contained a complete statement of all his opinions regarding infringement of the GO2 patent and their bases as required Rule 26(a)(2) (Ex.11 — Gehani Dep. — at 66). In response to Expedia's summary judgment motion, however, CIVIX scuttled Gehani's original report and opinion, choosing instead to submit a brand new Gehani report (by way of an untimely declaration) that provides a brand new infringement opinion. Gehani's new declaration and opinion, however, is the subject of a motion to strike and should be disregarded, not only because it is untimely, but also because it advances a new opinion while affording Expedia no opportunity to explore or test that opinion. It is inappropriate to frustrate summary judgment with untimely submissions of expert opinions intended to create disputes over material facts. *Trilogy,* 109 F.3d at 744-45; *Salgado,* 150 F.3d at 742; *Solaia,* 361 F. Supp. 2d at 806-07. In any event, even if Gehani's new opinion is received, it does not make a *prima facie* infringement case because it ignores the relevant claim language.

### 1. CIVIX Cannot Show Infringement Even If Gehani's New Opinion Is Received

To avoid judgment of non-infringement, CIVIX was required to show not only that Expedia's "receiver" operates on a received PLA to acquire a location, but also that it *searches* a

---

[7]     CIVIX incorrectly claims, with no support, that Expedia should have raised the issue of whether or not the preamble and wherein clauses were limiting during the Markman process. The purpose of the Markman proceeding, however, was to determine the meaning of disputed claim terms. Determining whether or not the preamble and wherein clause embrace the accused product is properly decided during the infringement analysis.

database ***based on*** the received PLA. For example, to avoid judgment of non-infringement as to claims 41 and 42, CIVIX was required to show that Expedia first creates and disseminates PLAs and then performs not only the step of "receiving a request including a *[PLA]*," but also performs the additional step of "*searching [a] repository based on said [PLA]*" to acquire a location (emphasis added).[8]



Expedia's opening brief demonstrated that Times Square was ***not*** a PLA because it was neither created nor checked for uniqueness as required by the Court's claim construction. Faced with

That new opinion should be stricken because it is untimely.

. Should this case be tried, Expedia will conclusively demonstrate,                      , that "LAX–Los Angeles Intl." is ***not*** a PLA under the Court's claim construction order.[9] Even assuming for purposes of this motion that "LAX–Los Angeles Intl." is a PLA

, summary judgment of non-infringement should still be granted because

In fact, if one types "LAX–Los Angeles Intl." in the "near an airport" field of Expedia's website, the message returned is "We cannot find a location matching 'LAX-Los Angeles Intl.'. Please verify this information and try again." Thus, there is no evidence Expedia

---

[8]     Similarly, to avoid judgment of non-infringement of claims 27 and 28, CIVIX was required to show not only that Expedia creates and disseminates PLAs, but also that Expedia made, used, or sold a system for providing a location that includes "a receiver capable of receiving a request including a *[PLA] wherein a search of [a] repository* [based on the PLA] *acquires said location*" (emphasis added).

[9]     CIVIX's late advancement of a new non-infringement theory is inappropriate. Had CIVIX timely advanced its new theory, Expedia would have been able to establish that Expedia cannot perform searches

11

searches its database based on what Gehani belatedly calls a "PLA." Consequently, the record evidence is insufficient for CIVIX to show that Expedia infringes the Go2 claims.

> 2.  **CIVIX Offers No Evidence That Could Support A Conclusion That Expedia's Hotel And Car Wizards Transmit PLA Locations To Users**

In its opening brief, Expedia showed that the Go2 patent claims require the transmission of "a location," *i.e.*, transmission of a *PLA's* location to a user and not the location of various items of interest *near* a PLA (Expedia Br. at 13-14). In response, CIVIX identified no admissible evidence establishing that Expedia transmits the *location* of a PLA, as defined by the Court's claim construction, as opposed to locations of hotels or car rental locations near the supposed PLA (Response to SAF ¶¶ 25-26).

The Court never construed the phrase "*a location*" in the asserted Go2 claims. Claims 27 and 28, however, are directed to a system "capable of being used to provide *a* location," not to provide many locations near an identified location. The system includes: (1) a repository or database that stores "*said* location;" (2) a receiver that conducts a search to acquire "*said* location" from the database; and (3) a transmitter capable of transmitting "*said* location" to the user. Claims 41 and 42 are method claims but are similar to claims 27 and 28 in these respects. The entire point of the patent specification is to allow users to be able to input an address (either universal or proprietary) and to be able to find a location that corresponds to that address. In the case of PLA's, the only address returned is the address of someone who registered his or her PLA with the system operator.

CIVIX incorrectly asserts that, if the claims are construed as suggested by Expedia, non-asserted claims 47 and 48 would become superfluous (CIVIX Opp. at 13). Claims 47 and 48 simply further define the location as an "area," rather than a point, and state that the PLA may be an "area" rather than a point. Neither claim supports the notion that the invention is directed to a system or method of determining the *location* of something *near a PLA*, as opposed to the location of the PLA itself.

CIVIX also claims that ██████████████████████████████████████████ ██████████████████████████████████████████ But all of the examples to which it refers return *only* locations of PLAs. No specification example returns locations of items of interest *near* PLAs. CIVIX should not be permitted to morph a Go2 patent directed

towards an on-line place name registry into an on-line travel agency when that was never the claimed invention.

### 3. If CIVIX Were Able To Show That The Asserted Go2 Claims Are Infringed, Those Claims Would Be Invalid

CIVIX denies that the 622 patent anticipates the asserted Go2 patent claims but raises no factual issue precluding summary judgment.

First, CIVIX denies that the prior art 622 patent discloses ULAs or PLAs (CIVIX Opp. at 26 citing SAF ¶ 29). But █████████████████████████████████████. CIVIX now relies on ████████████████████████████████████████ The law in this circuit, however, does not permit such shenanigans. *Amadio v. Ford Motor Co.*, 238 F.3d 919, 926 (7th Cir. 2001) ("[i]t is by now well settled that a party may not attempt to survive a motion for summary judgment by manufacturing a factual dispute through the submission of an affidavit that contradicts prior deposition testimony. Consequently, 'where a deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken . . . .'") (citation omitted); *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527 (7th Cir. 1999) ("[i]t is a well-settled rule of this Court that a plaintiff cannot create an issue of material fact merely by manufacturing a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition") *citing Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir. 1994).

Second, CIVIX denies that that the 622 patent discloses use of latitude and longitude to identify location (CIVIX Opp. at 26-27). But CIVIX itself admitted to the United States Court of Appeals for the Federal Circuit that the patent specification inherently disclosed use of latitude and longitude (Reply Ex. A — CIVIX Br. to Fed. Cir. — at 15: "... the specification implicitly references global coordinate systems such as latitude and longitude"); *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003) ("a prior art reference may anticipate without disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference").

Third, CIVIX denies that the 622 patent anticipates because the particular "LAX embodiment" in the patent specification that disclosed a PLA supposedly does not disclose latitude/longitude (CIVIX Opp. at 26-27). That argument, however, is also contrary to the position that CIVIX took before the Federal Circuit, namely that the specification inherently

disclosed the use of latitude/longitude without limitation as to a particular embodiment (Reply Ex. A — CIVIX Br. to Fed. Cir. — at 15).

## IV. CIVIX FAILS TO RAISE ANY GENUINE DISPUTE PRECLUDING JUDGMENT THAT THE ASSERTED CLAIMS OF THE CIVIX PATENTS ARE INVALID

CIVIX claims that Expedia ignored the "clear and convincing" burden of proof needed to show invalidity of the CIVIX patents (CIVIX Opp. at 14). But in Expedia's proposed conclusions of law that CIVIX successfully had stricken, Expedia clearly noted that "patents are presumed valid" and that it had "the burden of proving patent invalidity by clear and convincing evidence." That burden has not been ignored, but rather fully satisfied.

Even though it is undisputed that the PTO never considered either the CompuServe/EAAsy Sabre or Sabre prior art, CIVIX claims that the "550 items of prior art" with which it flooded the PTO were of "equal or greater importance" than either or both (CIVIX Opp. at 14-15). But Sabre anticipates claims 1, 6, and 22 of the 307 patent, and all but two of the asserted claims (claims 26 of the 622 patent and 23 of the 291 patent) are anticipated by CompuServe/EAAsy Sabre. The remaining two claims should also be held invalid for obviousness without need for trial. The CIVIX patents could never have issued had the PTO been aware of this prior art.

CIVIX correctly notes that Expedia must prove two things: (1) "that [the CompuServe-EAAsy Sabre and Sabre references] qualify as statutory prior art; and (2) that the reference(s) show anticipation or obviousness" (CIVIX Opp. at 15). Expedia has carried its burden for both.

### A. Expedia Has Shown That CompuServe/EAAsy Sabre and Sabre Qualify As Statutory Prior Art

CompuServe/EAAsy Sabre and Sabre qualify as statutory prior art under at least 35 U.S.C. § 102(a). Both were "known or used...by others in this country" before CIVIX's supposed invention was made." *Id.* "[T]o invalidate a patent based on prior knowledge or use, that knowledge or use must have been available to the public." *Chrimar Sys., Inc. v. Cisco Sys., Inc.*, 318 F. Supp. 2d 476, 507-08 (E.D. Mich. 2004) (citation omitted). There is simply no legitimate question that *both* CompuServe/EAAsy Sabre *and* Sabre were publicly available before CIVIX's supposed invention date of the CIVIX patents in May, 1994.

While CIVIX incorrectly claims that there is no proof that either CompuServe/EAAsy Sabre *or* Sabre were publicly *used* before its invention date (CIVIX Opp. at 22), CIVIX nowhere even alleges that they were not publicly *known* before then. Even without public *use* (and there was public use), CompuServe/EAAsy Sabre and Sabre were publicly *known*, which alone is sufficient.



Further, two witnesses have sworn that, by March, 1994, CompuServe could be accessed using the Internet ██████████████████████ Ex. 21 — Eastburn Decl. — at ¶ 7). In addition, by May, 1994, CompuServe/EAAsy Sabre had been described in many printed publications ████; Ex. 28; Ex. 32). Similarly, it cannot seriously be contested that, by as early as 1970, Sabre already had thousands of travel-agent users. *See Lockwood v. Am. Airlines, Inc.,* 107 F.3d 1565, 1570 (Fed. Cir. 1997) (summary judgment affirmed based upon prior art defined by 35 U.S.C. § 102(a) and (b) including prior use of the Sabre system in the United States which was "introduced to the public in 1962, had over one thousand connected sales desks by 1965, and was connected to the reservation systems for most of the other airlines by 1970").

Expedia's proof that CompuServe/EAAsy Sabre and Sabre were publicly available came from ████ Eastburn, and Robinson ████; Ex. 21; Ex. 23) and from contemporaneous publications that not only corroborated their testimony, but also described the systems in great detail (████; Ex. 28; Ex. 29; Ex. 30). Although CIVIX attempts to denigrate their qualifications as "dubious" (CIVIX Opp. at 23), Trevor was CompuServe's chief technical officer, Eastburn was its head of Advanced Technology, and ████████████████████ ████████████████; Ex 21 — Eastburn Decl. — at ¶ 5; Ex. 23 — Robinson Dep. — at 16:1-3). While CIVIX snipes at their veracity, falsely suggesting that their testimony was uncorroborated, *no witness or other evidence contradicted any of them.*[10]

---

[10]     Summary judgment "cannot be defeated merely by an opposing party's incantation of lack of credibility over a movant's supporting affidavit." *Muhammed v. City of Chicago,* 316 F.3d 680, 684 (7th Cir. 2002); *Dugan v. Smerwick Sewerage Co.,* 142 F.3d 398, 406 (7th Cir. 1998) ("[t]he prospect of challenging a witness' credibility is not alone enough to avoid summary judgment") (citation omitted). To forestall summary judgment, a non-movant must

To show anticipation, all elements of a given patent claim must be satisfied by a single prior art reference. CIVIX, however, wrongly insinuates that Expedia is improperly "combining references" (CIVIX Opp. at 16). CompuServe/EAAsy Sabre is a single prior art reference because it was a specific, complete, and operative system, with disparate components all working together. So, too, is Sabre and for the same reason. Although the nature of the systems is established by various documents and testimony of several witnesses, each is a single prior art reference anticipating CIVIX's patent claims. CIVIX falsely suggests that CompuServe/EAAsy Sabre and Sabre were not "complete systems" but rather were a "mere aggregation of parts that never actually worked together" and argues that Expedia has "no evidence of any specific, complete and operative system" (CIVIX Opp. at 22-23). But, unlike CIVIX, which never built anything that worked according to its patent claims, the record indisputably shows

Further, uncontradicted evidence similarly confirms that travel agents used Sabre long before the critical date (Ex. 23 — Robinson Dep. — at 31:18-22). There is simply no genuine issue that CompuServe/EAAsy Sabre and Sabre are statutory prior art.

## B. Expedia Has Shown That CompuServe/EAAsy Sabre Anticipates All But Two Asserted Claims Of The CIVIX Patents And That Sabre Anticipates Claims 1, 6, And 22 Of The 307 Patent

There is also no genuine issue that CompuServe/EAAsy Sabre and Sabre satisfy every element of the relevant asserted claims.

CIVIX argues that Expedia offered "no real analysis" applying claim language to prior art other than "tables" in its fact statement (CIVIX Opp. at 22-23). But Dr. Goodchild analyzed the relevant prior art (Ex. 31 — Goodchild Rpt. — at 29-34) and compared it to the claims (*id.* at 46-60). Furthermore, the tables in Expedia's fact statement alone would have been sufficient to show anticipation had Dr. Goodchild made no analysis at all (PUF's 52, 56, 60, 64, 66).

"provide specific evidence when attacking [the credibility of the witness], such as contradictory eyewitness accounts or other impeachment evidence." *Muhammed*, 316 F.3d at 683-84. As Advisory Committee Notes to Rule 56(e) state, credibility issues defeat summary judgment *only* "where an issue as to a material fact cannot be resolved without [the] observation of the demeanor of witnesses in order to evaluate their credibility."



Rather, the issue for both Goodchild and Gehani was whether or not the prior art, ***assuming it to be statutory prior art***, satisfied the claims. Expedia proved that it did. ████████████████, there is no conflicting evidence.

Even if the Court were to conclude that there is a genuine factual issue as to whether CompuServe/EAAsy Sabre or Sabre are statutory prior art (and there is no such issue), the Court should still enter "partial summary judgment" that the asserted claims are satisfied by CompuServe/EAAsy Sabre and Sabre based upon Dr. Goodchild and other evidence offered by Expedia because, given Gehani's deposition admissions, there is no contradictory evidence. Rule 56(d) provides a method whereby a court can narrow issues and facts for trial. *Capital Records, Inc. v. Progress Record Distrib., Inc.*, 106 F.R.D. 25, 29 (N.D. Ill. 1985) ("[Rule 56(d)] allows a court, on a proper motion for summary judgment, to frame and narrow the triable issues if the court finds that such an order would be helpful to the progress of the litigation").[11]

---

[11]    Where a summary judgment motion is denied Courts may still "salvage" the judicial effort involved in summary judgment review. Under Fed. R. Civ. P. 56(d), a district court may "issue an order 'specifying . . . facts that appear without substantial controversy." *Magnum Feeders, Inc. v. Bloedorn*, No. 95-2012, 1998 U.S. Dist. LEXIS 11601, at *15-16 (N.D. Ill. July 21, 1998) ("The purpose of [Rule 56(d)] is twofold: to salvage some of the judicial effort involved in the denial of a motion for summary judgment and to streamline the litigation process by narrowing the triable issues"); *see also Am. Bankcard Int'l, Inc. v. Schlumberger Technologies, Inc.*, No. 99-6434, 2002 U.S. Dist. LEXIS 908 (N.D. Ill. Jan. 17, 2002) (finding no genuine dispute concerning damages pursuant to Rule 56(d)).

1. **CIVIX has failed to raise a genuine factual issue precluding judgment that claims 6, 47, and 56 of the 622 patent are anticipated by CompuServe/EAAsy Sabre**

Expedia established that claims 6, 47 and 56 of the 622 patent were anticipated by CompuServe/EAAsy Sabre (Ex. 31 — Goodchild rpt. — at 32-34, 45, 49-51; PUF's 52, 56). The only issues raised by CIVIX with regard to anticipation of the 622 patent are legal issues or supposed "fact issues" that, upon scrutiny, are illusory.

therefore, turns on matters of claim construction, *i.e.*, a legal issue, that cannot preclude summary judgment. Where, ▮▮▮, an expert proposes to defeat summary judgment with opinions not in accord with the Court's claim construction, the opinions cannot raise a genuine factual dispute that precludes grant of summary judgment. *Techseach L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1373-74 (Fed. Cir. 2002) (district court properly rejected expert's contentions in granting summary judgment because the proof was "deficient in meeting an essential part of the legal standard for infringement"); *see also Anoto AB v. Sekendur*, No. 03-4723, 2004 U.S. Dist. LEXIS 21715, at *20 n.8 (N.D. Ill. Oct. 22, 2004) (Expert declaration could not defeat summary judgment because it was "not based on this court's claim construction").

And, although CIVIX now claims there is no evidence CompuServe/EAAsy Sabre or Sabre stored "zip codes" (CIVIX Opp. at 41), the record clearly shows otherwise (Ex. 23 — Robinson Dep. — at 36:7-19).

Gehani also denied anticipation of claim 6 because CompuServe did not "return items of interest . . . *based on an address specified by the user*" (PUF 53B and C; Ex. 11 — Gehani Dep. — at 210:5-13; emphasis added), but he later admitted that claim 6 did not include that

18

requirement either (*id.* at 211:7-213:19). Because his initial opinion was based on an improper claim construction, it raised no factual issue to preclude summary judgment. *Techsearch,* 286 F.3d at 1373-74. CIVIX now denies that Gehani *admitted* that the prior art returned "information including identification of geographic position" as required by claim 6 (CIVIX Opp. at 41). In fact, he did.[12] Regardless, Gehani's evidence would not preclude summary judgment because he never *denied* it either.

Gehani also initially denied that CompuServe/EAAsy Sabre anticipated claim 6 because it did not "use the Internet for offering services" (Ex. 11 — Gehani Dep. — at 218:18-23). But Gehani later admitted that claim 6 did not require use of the Internet for offering services (*id.* at 201: 9-25). Despite that admission, CIVIX now belatedly asserts that claim 6 should be construed to require that services be "offered to the user" over the Internet (Response to PUF 53D). But the claim includes no such requirement, and CIVIX never proposed such a construction to the Court during the Markman proceedings. Rather, claim 6 merely requires "a communications link for communicating between a user and a database" that "*comprises* an Internet link." ▮▮▮ witnesses have testified that CompuServe/EAAsy Sabre included such a link ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 21 — Eastburn Decl.

— at ¶ 7). No witness disagreed and the point stands unrefuted.

Gehani initially denied that claim 47 was anticipated because CompuServe required multiple request signals to *display* "positions" of hotels or other items of interest (Ex. 11 — Gehani Dep. — at 15). But, while claim 47 requires transmission of "*a*" request signal from the user, it nowhere requires that positions of items of interest be *displayed* in direct response to that

---

12    Gehani admitted that, when CompuServe users requested hotels in New York, for example, a list of hotel names was returned. He also admitted that when "Waldorf Astoria," for example, was returned, the name defined a *place* within New York (Ex. 11 — Gehani Dep. — at 216:5-11). The Court construed "geographic position" to mean "a *place* within a geographic vicinity." And it construed "geographic vicinity" to mean a "geographic region [*e.g.,* a city] that includes and surrounds selected items of interest" (Ex. 14; emphasis added). Thus, given the Court's claim construction, Gehani's testimony *is an admission* that CompuServe returned information identifying a geographic position (*a place, e.g.,* the Waldorf), in a geographic vicinity (*a region, e.g.,* New York city, *that includes and surrounds items of interest, e.g.,* Manhattan hotels). CIVIX now asserts that a hotel name is not a "place," and therefore not a "position" unless accompanied by an address (Response to PUF 53C). But the Court construed "geographic position" to simply mean a "place" with no requirement that the place include an "address. Patentees may not rewrite their claims to avoid prior art and forestall summary judgment. *Karsten Mfg. Corp. v. Cleveland Golf Co.,* 242 F.3d 1376, 1384 (Fed. Cir. 2001).

*one* signal. ████████████████████ with Goodchild about anticipation of claim 47 raised only a *legal* issue of claim interpretation and no *fact* issue precluding summary judgment. Furthermore, on deposition, Gehani admitted that, just like the prior art, Expedia's website required multiple request signals to *display* hotel addresses (*id.* at 215:12-216:5). ████

████████████████████████████████ As a matter of law, the construction of claim 47 for infringement purposes must dovetail with the construction applied for validity purposes, *an issue now pointedly ignored by CIVIX* as it initially had been by Gehani (*see* Response to PUF 57B). *W.L. Gore & Assoc. Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1279 (Fed. Cir. 1988) ("it is axiomatic that the claims must be construed in the same way for infringement"). When confronted with the inconsistency ████████████████████, Gehani chose to sacrifice validity to save infringement and freely admitted that the prior art's failure to disclose transmission of only one signal to *display* position was "no longer an issue" between his validity opinion and that of Goodchild (Ex. 11 — Gehani Dep. — at 272:6-13).

Gehani also initially denied that claim 56 was anticipated because CompuServe supposedly did not store advertisements (*id.* at 273:21-274:9). But, when deposed and confronted with his infringement opinion as to the term "advertisement" that again was contrary to his validity opinion, Gehani reversed course and admitted that the Sabre database did, in fact, include advertisements (*id.* at 274:21-276:6). As a matter of law, claims must be construed the same way for infringement as for validity. *W.L. Gore & Assoc. Inc.,* 842 F.2d at 1279. CIVIX now claims that Gehani never *admitted* that advertisements were included in *CompuServe/ EAAsy Sabre,* presumably as contrasted with Sabre (Response to PUF 58). But he never *denied* that advertisements were included either, and, thus, there is no factual issue. Further, it is undisputed that the *Sabre* database (which Gehani admitted included advertisements: Ex. 11 — Gehani Dep. — at 276:5) was the very *same* database accessed by CompuServe subscribers through EAAsy Sabre (Ex. 23 — Robinson Sabre Dep. — at 27:22-28:5).[13]

---

[13]    CIVIX also claims that Sabre's corporate designee "knew nothing" about whether or not "CompuServe" stored advertisements because he supposedly was "not familiar with the *networking* for CompuServe and EaasySabre" (Response to PUF 52). But the issue here is not *networking.* The issue relates to the contents of the Sabre database that were accessed by CompuServe through EAAsy Sabre, a subject with which Robinson was well familiar (Ex. 23 — Robinson Dep. — at 26:22-27:11; 34:9-36:2).

2. **CIVIX has failed to raise a genuine issue precluding judgment that claims 1, 6, and 22 of the 307 patent are anticipated by both CompuServe/EAAsy Sabre and Sabre**

Expedia established that every element of claims 1, 6, and 22 of the 307 patent was satisfied by each of CompuServe/EAAsy Sabre and Sabre (Ex. 31 at 29-34, 51-53; PUF 60, 64).

Dr. Gehani initially denied anticipation of the three claims because CompuServe was "separate" from the Internet (Ex. 11 – Gehani Dep. – at 277:17-278:10), but he later acknowledged that none of claims required the Internet (*id.* at 279:2-281:10). As a matter of law, they do not. First, claims 1 and 22 nowhere even mention the Internet and are anticipated by methods that make no use of the Internet at all. While claim 6 similarly fails to mention the "Internet," it does refer to "an internet link" among other types of communication links. Because claim 6 is a "comprising" claim, however, it is satisfied not only by an internet link, but also by any one of the other recited communication link types, including "telephone" links *as Gehani specifically admitted* (*id.* at 279:2-4). *Brown v. 3M,* 265 F.3d 1349, 1351 (Fed. Cir. 2001) ("When a claim covers several structures ... as alternatives, the claim is deemed anticipated if any of the structures ... within the scope of the claim is known in the prior art"). ▪

CIVIX, however, now cryptically asserts that there is no evidence that CompuServe's telephone links were "utilized by [CompuServe] *users*" (Response to PUF 61; emphasis added). But claim 6 nowhere requires that *end-users* utilize telephone links but only that the links be utilized by someone, including CompuServe, practicing the recited method. And because it is undisputed that CompuServe *itself* utilized telephone links within its own system, its subscribers inherently used them as well. *Schering,* 339 F.3d at 1377 ("a prior art reference may anticipate without disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference"). ▪

In addition to CompuServe/EAAsy Sabre, Expedia also established that every element of claims 1, 6, and 22 was satisfied by Sabre (Ex. 31 at 29-34, 51-53; PUF 64). Gehani initially

denied anticipation because Sabre was supposedly not "available over the Internet" (Ex. 11 – Gehani Dep. – at 284:22-285:3). Again, claims 1 and 22 nowhere even mention the Internet and claim 6 is not limited to the Internet, but rather may be satisfied by telephone links. It is undisputed that Sabre employed telephone links (Ex. 23 – Robinson Dep. – at 53:22-54:4). Tellingly, at his deposition, Gehani was asked:

> Q.      Do you have any disagreement with Dr. Goodchild when he says that Claim 1 is anticipated by the Sabre System?
>
> A.      Okay.
>
> Q.      *No disagreement?*
>
> A.      *Not with respect to that item, yes.*

(Ex. 11 – Gehani Dep. – at 286:23-287:6.) CIVIX now claims that the questions posed and Gehani's answers were "ambiguous" and should be disregarded (Response to PUF 65B), but CIVIX raised no objection to the form of the questions posed at the deposition and Gehani made no transcript corrections. In fact, Gehani also candidly admitted that he had no disagreement with Goodchild that claims 6 and 22 were anticipated by Sabre (*id.* at 287:8-15; 287:16-21). Thus, Gehani's admissions compel grant of summary judgment on claims 1, 6, and 22 in view of Sabre.

Unable to erase Gehani's admissions, CIVIX now, for the first time ever and with no support from Gehani at all, denies anticipation of claims 1, 6, and 22 because CompuServe and Sabre users supposedly did not receive "information defining geographic position of the items of interest . . . *deriving from* spatial detail [*i.e.,* "geographic information relating to an area of region" as defined by the Court] within the database," but rather received only "mailing addresses" (Responses to PUF 60 at 58 and PUF 64). ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ Thus, there can be no dispute that users received "information defining geographic location" of hotels as recited in the claims. Civix claims that this geographic information was not "*derived* from spatial detail" stored in the database because the phrase *derived from* must be construed, as a matter of law, to require that the stored information first be "manipulated" before transmission to the user (Response to PUF 60 at 56). But the Court never

22

construed, and CIVIX never asked it to construe, the **derived from** phrase as CIVIX now proposes.  Even if the Court had construed the claim to require "manipulation before transmission," Sabre's corporate designee testified that Sabre "*filter[ed]*" the responses [before sending them to the user and] would only *select* candidates that . . . had stated they were within [a defined number of] miles of . . . the specified reference point" (Ex. 23 — Robinson Dep. — at 49:2-5; emphasis added).  No witness disagreed.  Thus, even if the "derived from" phrase is now construed to require *manipulation before transmission*, summary judgment would still be warranted because it is uncontradicted that Sabre filtered or manipulated stored information before transmission to the user.  Consequently, the record shows anticipation even under CIVIX's belatedly-proposed and strained construction.

3. **CIVIV has failed to raise any genuine issue precluding judgment that claims 1, 5, 7, 14, and 21 of the 291 patent are anticipated by CompuServe/EAAsy Sabre**

Expedia established that each and every element of claims 1, 5, 7, 14, and 21 was satisfied by CompuServe/EAAsy Sabre (Ex. 31 – Goodchild report — at 32-34, 53-59; PUF 66).  Gehani initially denied anticipation of claims 1 and 14, because CompuServe "ports" supposedly could not access the database through the Internet (Ex. 11 — Gehani Dep. — at 298:25-299:4; 308:24-209:10).  But undisputed evidence of ▮▮▮ witnesses shows otherwise ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 21 — Eastburn Decl. — at ¶ 7).  While Gehani acknowledged that he did not know "one way or the other" whether or not it was possible to access CompuServe via the Internet in March, 1994, he grudgingly acknowledged that it was at least "theoretically" possible to do so (Ex. 11 — Gehani Dep. — at 299:18-24).  CIVIX now claims that Gehani's "theoretical possibility" concession is not an admission (Response to PUF 67 at 74).  Maybe so.  But it is also not a contrary fact that would preclude summary judgment.  The *only* record evidence proves that Internet access to CompuServe was not only a theoretical possibility, but an actual fact.

As to claims 5, 7, and 21, Gehani initially denied anticipation because CompuServe/ EAAsy Sabre supposedly did not store advertisements (Ex. 11 — Gehani Dep. — at 306:24-307:5).  But Gehani later admitted that CompuServe did store advertisements (*id.* at 307:24-308:7).  While CIVIX now unabashedly claims that Gehani "did *not* admit that CompuServe include[d] advertisements" (Response to PUF 68 at 75; emphasis added), it surprisingly quotes the actual admission that directly refutes its claim:

Q.    So the Sabre and EaasySabre database included promotional rates which have characterized as a form of advertisement. Correct?

A.    Yes.

(Response to PUF 68, citing Ex. 11 — Gehani Dep. — at 307:24-308:3.) Gehani's deposition transcript speaks for itself. Only in the distorted world of modern patent litigation could a simple "yes" be so easily transformed into a "no" as CIVIX improperly seeks to do.

Claims 1, 5, and 7 of the 291 patent require a "database for storing information . . . including . . . spatial detail defining a geographic position." CIVIX now, for the first time ever and again with no support from Gehani, asserts that the 291 patent claims are not anticipated by CompuServe/EAAsy Sabre because it supposedly did not disclose a database storing "a geographic region that includes and surrounds" items of interest (Response to PUF 66 at 69). The Court, however, construed "spatial detail" to mean "geographic information relating to an area or region" and "geographic position" to mean "a place within a geographic vicinity." The Court further defined "geographic vicinity" to mean "a geographic region that includes and surrounds selected items of interest." Thus, by simple substitution according to the Court's construction, the claims require a "database for storing . . . geographic information relating to a region and defining a place within the region that includes and surrounds selected items of interest." The undisputed record confirms that the prior art databases stored, for example, "geographic information" (e.g., distance from and direction to an airport), "relating to a region" (i.e., relating to a particular city such as New Orleans), that defines a "place" (e.g, address and zip code of a given hotel), "within the region" (i.e., within the region of New Orleans), that "includes and surrounds selected items of interest" (i.e., that includes and surrounds the selected list of possible hotels) █████████████

### C.    Expedia Has Shown That CompuServe/EAAsy Sabre Combined With SabreVision Renders Claims 26 Of The 622 Patent And 23 Of The 291 Patent Invalid For Obviousness

CIVIX admits that "obviousness is a question of law, not fact" (Responses to PUF's 69-74). Both claim 26 of the 622 patent and claim 23 of the 291 patent should be held invalid under 35 U.S.C.§ 103 as a matter of law. Both claims are dependent from claims that were shown to have been anticipated by prior art. The only difference between claims 26 and 23 and the anticipatory art is that the claims require "digital images" regarding items of interest. Expedia

24

established that it would have been obvious to include such images in view of SabreVision (PUF 70-72).

CIVIX claims that SabreVision was not statutory prior art (CIVIX Opp. at 24). But it cannot be disputed that SabreVision was publicly known (Ex. 34 – Covill Decl. – at ¶¶ 3-5, and Ex. A thereto). CIVIX claims that there was no "suggestion" in the prior art to combine the digital images of SabreVision with the CompuServe/EAAsy Sabre database. But the SabreVision video clip itself provides express motivation (Ex. A to Ex. 34 from 6 min. 16 sec. through 6 min. 26 sec.: "The pictures . . . everybody loves the picture . . . Nine out of ten times, the [hotel] property that is booked has a digital image"). The 1992 text entitled "Networking Spatial Information Systems similarly provides the motivation to combine (Ex. 33). CIVIX claims that these documents merely show that it would have been "obvious to try" to add digital images (CIVIX Opp. at 25), but the video and text show not only that it would have been obvious to try to include digital images, but also to actually include digital images as had been done with SabreVision. A trial is not necessary to answer such a trivial question. Claims 26 and 23 should be held invalid for obviousness. *See Lockwood,* 107 F.3d at 1570.

## V. CIVIX FAILS TO RAISE ANY GENUINE DISPUTE ABOUT THE FACTS ESTABLISHING THAT IT IS BARRED FROM PRE-FILING DAMAGES AS TO THE CIVIX PATENTS

### A. CIVIX's "Notice Of The Patented Technology" Contention Is Legally Erroneous – Expedia Had No Pre-Filing Notice Of The Actual Patents

In its Opposition, its Responses to the PUF's, and its own SAF's, CIVIX misleadingly contends that Expedia "had actual knowledge of the patented technology" long before the patents in suit even issued (*see, e.g.,* CIVIX Opp. at 28). From this false premise, CIVIX then makes a legally erroneous leap that Expedia, therefore, had specific notice of the *actual* patents. The law, however, requires more. For example, notice of a patent cannot be given unless and until the specific patent *has actually issued. See, e.g.,* 35 U.S.C. § 287(a) (emphasis added):

> Patentees. . . may give notice to the public that [a patented article] is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.', *together with the number of the patent.* . . . In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer *was notified of the infringement.* . . .

25

*See also State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe *a patent*, the patent must exist and one must have knowledge of it") (emphasis original); *Quantum Group, Inc. v. Am. Sensor, Inc.*, 48 U.S.P.Q.2d 1436, 1442 (N.D. Ill. 1998) (absent knowledge *of the patent*, "there is no basis on which a reasonable factfinder could conclude [the alleged infringer] possessed the requisite intent to encourage another's infringement") (citations omitted). That Microsoft, or even Expedia, may have had notice of the *525 patent*, or of the subject matter described therein in 1998, says nothing about whether Expedia had knowledge of any of the four *patents in suit*, which did not issue until years later. The undisputable evidence is that Expedia had no pre-filing knowledge of the patents (*see* Reply To PUF 75).

Indeed, CIVIX blatantly mischaracterizes *Konstant Prods., Inc. v. Frazier Indus. Co., Inc.*, 25 U.S.P.Q.2d 1223 (N.D. Ill. 1992) claiming that it supports the idea that having notice of *subject matter* is sufficient to constitute notice of a *patent*. In actuality, this Court in *Konstant Prods.* specifically discusses how the notice provision of 35 U.S.C. § 287 is satisfied "whenever the infringer is notified of. . . *the patent number*." 25 U.S.P.Q.2d at 1226 (emphasis added). Thus, the only case cited by CIVIX fully supports *Expedia's* position.

## B. CIVIX Fails To Raise Any Genuine Dispute As To The Fact That Its Failure To Allege That Expedia Directly Infringes The 307 Patent Precludes Pre-Filing Damages Under That Patent

Apart from its failed effort to dispute that Expedia had no notice of the patents before suit was filed, CIVIX's only basis for arguing that it is not barred from pre-filing damages under the 307 patent based on an inducement theory (which requires actual notice of the patent), is a citation to CIVIX's original complaint alleging direct infringement (CIVIX Opp. at 28). This, of course, cannot create a genuine dispute as CIVIX nowhere offers or argues any *evidence* that Expedia directly infringes any of the three asserted claims of the 307 patent (*see, e.g., id.* at 10).[14]

Absent any current assertion or evidence making out a *prima facie* case of

---

[14]     Even the complaint is ambiguous about whether or not CIVIX was then actually asserting direct infringement, alleging that Expedia was "directly infringing, contributorily infringing *and/or* inducing infringement of the 307 patent" (Docket No. 77 at ¶ 24; emphasis added).

direct infringement by Expedia, CIVIX is precluded from pre-filing damages under the 307 patent.

## C. CIVIX Concedes That There Was No Marking As To The 622 And 291 Patents, So Summary Judgment Barring Pre-Filing Damages As To Those Two Patents Is Appropriate

As to the 622, 291, and 692 patents, CIVIX bears the burden not only of pleading compliance with 35 U.S.C. § 287(a), but also of proving that compliance (*see* cases cited Expedia Br. at 22). CIVIX, however, nowhere contends that it ever pled proper marking as to any of the three patents (*see, e.g.,* Response to PUF 76; CIVIX Opp. at 28), and specifically concedes that there was a failure to mark the products and services embodying the 622 and 291 patents (*see* Responses to PUFs 76-77). While CIVIX does allege that there was proper marking as to the 692 patent alone, given the undisputed fact that Expedia was not otherwise properly notified of either the 622 or 291 patents, CIVIX is barred under § 287(a) (quoted in Expedia's Br. at 22) from obtaining any pre-filing damages under at least those two patents.

## VI. CIVIX FAILS TO RAISE ANY GENUINE DISPUTE ABOUT THE FACTS ESTABLISHING THAT EXPEDIA DID NOT WILLFULLY INFRINGE ANY PATENT IN SUIT

Contrary to CIVIX's contention (CIVIX Opp. at 29), Expedia is *not* asking the Court to disregard the totality of the circumstances in connection with CIVIX's allegations of willful infringement. Indeed, it is the very totality of the circumstances that establishes the lack of willfulness, just as in *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,* 897 F.2d 508 (Fed. Cir. 1990), and *Eolas Techs., Inc. v. Microsoft Corp.,* No. 99-0626, 2003 U.S. Dist. LEXIS 6322 (N.D. Ill. Apr. 16, 2003) (J. Zagel granting summary judgment of no willfulness). As shown elsewhere (*see, e.g.,* Expedia Br. at 22-25; PUF's 79-80; and Reply To PUF's 79-80), it cannot be genuinely disputed that Expedia had no pre-filing notice of the patents in suit,[15] nor that it has presented non-frivolous defenses. (Indeed, CIVIX has not even moved for summary judgment on the vast majority of these defenses.) Further, there is no evidence that the patented

---

[15]     Since CIVIX offers no proof, or even argument in the willfulness context, that Expedia had notice of the specific patents in suit, CIVIX is immediately precluded from any pre-suit willfulness finding. *State Indus.,* 751 F.2d at 1236 ("[t]o willfully infringe a patent, the patent must exist and one must have knowledge of . . . it."); *Gustafson,* 897 F.2d at 511 ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge").

technology was copied, nor that Expedia has acted in any egregious manner either before, or during, this litigation. This *is* the totality of the circumstances.

Thus, CIVIX's reliance on *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351-52 (Fed. Cir. 2001), as limiting *Gustafson* is inapposite. First, in *Crystal Semiconductor*, there was evidence of copying and of a failed attempt to design around a patent. Second, a recent case of this Court granting summary judgment of no willfulness rejected that very contention:

> [P]laintiffs argue that [*Crystal Semiconductor*] narrows *Gustafson* such that a non-frivolous defense cannot dispose of a willfulness allegation. I read this case to clarify that non-frivolous defenses are not automatically dispositive of a willfulness claim, not to preclude the possibility of non-frivolous defenses *could* be dispositive.

*Eolas Techs.*, 2003 U.S. Dist. LEXIS 6322, at *15 (emphasis in original). In other words, when there are no other particular circumstances to consider — the situation here — lack of pre-filing notice and presentation of non-frivolous defenses *can* preclude willfulness.

While CIVIX also argues — with no legal support — that the mere fact that Expedia continued its activities after suit was filed without an opinion of counsel establishes willfulness (CIVIX Opp. at 29), this is legally wrong. "[A] party may continue to manufacture [the alleged infringing product] and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer." *Gustafson*, 897 F.2d at 511.

The Court should, therefore, grant summary judgment for Expedia finding that there was no willful infringement, either before or after the complaint was filed.

## VII. CIVIX FAILS TO RAISE ANY GENUINE DISPUTE THAT THE EARLIEST POSSIBLE, PROVABLE DATE OF INVENTION FOR ANY ASSERTED INTERNET CLAIM IS SEPTEMBER 27, 1994

In its Opposition, CIVIX argues only three points as to the invention priority date issue, none of which withstand scrutiny or could preclude summary judgment. First, CIVIX contends that Expedia seeks an advisory opinion because it has allegedly not yet relied upon the Behr 789 patent or the Topaz hotel reservation system as invalidating prior art (CIVIX Opp. at 27). ▮

Second, CIVIX grossly mischaracterizes the record to argue – with no cite at all – that "the unrefuted evidence shows conception by May 31, 1994 by the testimony of inventor Semple" (CIVIX Opp. at 27-28). The fallacy of CIVIX's smokescreen of the misleading citations that are set forth in the SAFs and Oppositions to PUFs is addressed in Expedia's Responses and Replies thereto, but the bottom line is that: (a) CIVIX explicitly concedes that any conception happened *no earlier than May 31, 1994* (*see, e.g.,* PUF's 87-88) such that the legal focus is on what occurred on that date or later; and (b) CIVIX has pointed to no single piece of evidence disclosing a complete conception of a full Internet system before at least September 27, 1994. It simply does not exist. Semple *never* provided any *sufficiently specific* testimony that the complete subject matter of the Internet claims had been conceived at any particular date (or even by May 31, 1994). Bouve *never* provided any such testimony, Oxman *never* provided any such testimony, and *none* of the pre-September 27th documents disclose *any* Internet system at all. Thus, there is no legally cognizable evidence of any conception at any time prior to September 27, 1994.

This total lack of evidence establishing an entire Internet system cannot be repaired by the untimely and legally inadmissible declaration of Semple's cousin, Elizabeth Neer. Even if this declaration is not stricken, as it should be, it cannot corroborate a May 31st or later conception (*see, e.g.,* Responses to SAF ¶¶ 49-50; Replies to PUFs 84-85). It discloses no complete conception, it concerns meetings not including named-inventor Oxman, and it offers no discussion at all of any event or conception occurring *on May 31, 1994, or later.* Moreover, as just discussed, there is nothing for it to corroborate, nor is it corroborated by anything else.

Finally, CIVIX cites inapposite caselaw stating that it need not offer evidence of joint conception by all named inventors, misleadingly implying that at least one of those inventors had conceived of the invention by May 31, 1994 (CIVIX Opp. at 28). The problem with this theory is that, as just discussed, CIVIX has offered no cognizable evidence of an earlier invention *by anyone.* Moreover, CIVIX has also specifically admitted that the claimed Internet systems resulted from a collaboration *of all three inventors* (*see, e.g.,* SAF ¶ 49; Response to PUF 85).

## VIII.  CONCLUSION

The Court should grant summary judgment and dismiss this case. CIVIX has failed to offer proof of infringement as to non-asserted claims and patents. As to the claims that are asserted, CIVIX cannot show infringement under the Court's claim construction. Moreover, undisputed facts and explicit admissions of CIVIX's expert confirm that each and every one of the currently asserted patent claims is invalid. The Court should also grant partial summary judgment for Expedia: (1) precluding any damages accruing before the complaint was filed; (2) that there was no willful infringement, either before or after the complaint was filed; and (3) that CIVIX did not conceive of the claimed inventions before at least September 27, 1994.


Dated: August 23, 2005             By:

Richard A. Cederoth
Richard F. O'Malley, Jr.
Louis E. Fogel
Sidley Austin Brown & Wood LLP
10 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Dale M. Heist
Henrik D. Parker
John P. Donohue, Jr.
John E. McGlynn
Woodcock Washburn LLP
One Liberty Place - 46th Floor
Philadelphia, PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

**Attorneys for Expedia, Inc. and Travelscape, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing redacted papers

- Reply Memorandum in Support of Expedia's Omnibus Motion for Summary Judgment

- Response to CIVIX's Statement of Additional Material Facts Relating to Expedia's Omnibus Motion for Summary Judgment

- Expedia's Reply to CIVIX's Response to Expedia's Proposed Undisputed Facts

were served upon the following parties on this 23rd day of August, 2005 by:

**HAND DELIVERY:**

David J. Sheikh
Gregory P. Casimer
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
*Counsel for Plaintiff, CIVIX-DDI, LLC*

Louis E. Fogel